FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JUL 17  PM 12: 22

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY E. GAIDRY | CASE NO. **09-4433** |
| VS. | JUDGE |
| OCHSNER HEALTH SYSTEM and OCHSNER CLINIC FOUNDATION, d/b/a OCHSNER ST. ANNE GENERAL HOSPITAL | MAGISTRATE  **SECT. A MAG. 1**  JURY DEMAND |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Mary E. Gaidry, who respectfully represents:

1.

This Court has jurisdiction pursuant to 28 U.S.C. 1331, as this matter arises under the laws of the United States, specifically the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et.seq.  Pursuant to 28 U.S.C. 1367, this Court has supplemental jurisdiction on plaintiff's Louisiana Whistleblower claim, La. R.S. 23:967, and the Louisiana Anti-Discrimination statute, La. R.S. 23:323.

2.

Plaintiff, Mary Gaidry, a natural person of full age and majority, is a resident of Terrebonne Parish, Louisiana.

3.

Made defendants herein are Ochsner Health System and Ochsner Clinic Foundation, through its subsidiary, Ochsner St. Anne General Hospital, located in LaFourche Parish and doing business in the State of Louisiana.

1

___ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep___
___ Doc. No.___

4.

Ms. Gaidry was employed as an ultrasound technician in the radiology department of Ochsner St. Anne General Hospital ("Ochsner") from September 3, 2006, until she was unlawfully terminated on July 22, 2008.

5.

Ms. Gaidry is dyslexic. Dyslexia is a mental impairment that substantially limits Ms. Gaidry in the major life activities of learning generally, and reading and writing specifically. Ms. Gaidry also suffers from bipolar disorder, a condition exacerbated by stress. Ms. Gaidry's supervisors had knowledge of her disability at all relevant times.

6.

While employed at Ochsner, Ms. Gaidry was subjected to a hostile work environment by her supervisor, John Flannery, including harassment, insults, ridicule, threats, intimidation, and assault.

7.

While Ms. Gaidry was on approved workmen's compensation leave for back problems suffered at work, Mr. Flannery harassed her on multiple occasions by calling her at home, asking her to work while under the effects of medication, and intimidating her by suggesting she would be terminated if she continued to miss work.

8.

Mr. Flannery subjected Ms. Gaidry to disparate treatment by requiring her to do work not required of similarly situated employees outside of her protected class, by refusing to allow her to speak freely where similarly situated employees outside of her

class were allowed, and by punishing her while allowing violations of similarly situated employees outside of her class to go unpunished.

9.

On April 17, 2008, Mr. Flannery confronted Ms. Gaidry, disagreeing about part of her written entry on an impression sheet. He then told her to complete it twice, each in both paper and digital form. Ms. Gaidry objected because similarly situated employees were not required to complete reports in both formats. Mr. Flannery then slammed his hand down forcefully and ordered her to do it. When she hesitated, he slammed his hand down a second time and again ordered her to do it. Ms. Gaidry then became uncomfortable and asked to leave but Mr. Flannery told her she would be fired if she did. Later that day, Ms. Gaidry filed a complaint with corporate compliance reporting Mr. Flannery's actions.

10.

On April 18, 2008, Mr. Flannery ordered Ms. Gaidry to be written up. Ms. Gaidry then approached Mr. Flannery and asked him why she was being bullied. Mr. Flannery responded by saying, "I'm sick of you" and lunging across the room towards her. Ms. Gaidry felt frightened and physically threatened and locked herself behind a door. Mr. Flannery continued pulling on the knob and ordering her to unlock the door.

11.

On April 21, 2008, Ms. Gaidry filed another complaint with corporate compliance reporting Mr. Flannery for assaulting her on April 18, 2008.

12.

After Ms. Gaidry's filed the above reports of misconduct within the radiology department, Mr. Flannery began a pattern of retaliatory reprisals in violation of La. R.S. 23:967.

13.

On May 7, 2008, Ms. Gaidry was issued a corrective action for alleged insubordination due to her failure to complete the impression sheets in both paper and digital form on April 17, 2008. No similarly situated employees were required to comply using both forms or issued corrective actions for failing to do so.

14.

In the meeting where she received the corrective action, Ms. Gaidry told Human Resources supervisor Wendy Willis of her disability but Ms. Willis told Ms. Gaidry that her disability was insignificant and that it should not matter. Ms. Willis agreed to enroll Ms. Gaidry in classes for handling workplace negativity and conflict resolution in order to help her deal with her difficulties but failed to enroll her in conflict resolution classes.

15.

On May 21, 2008, Ms. Gaidry asked Mr. Flannery if he would cover her call shift from 3:00pm – 5:00pm (two hours) so she could take her son to a doctor's appointment. Customarily, hours of call are exchanged equally but Mr. Flannery refused to approve the change unless Ms. Gaidry covered his own call shift the following Sunday, May 25, 2008, from 12:00pm – 4:00pm (four hours), which she was forced to accept.

16.

Despite knowledge of Ms. Gaidry's dyslexia, Mr. Flannery refused to accommodate Ms. Gaidry's multiple requests to be scheduled more than 30 minutes for conducting ultrasound exams and completing the accompanying written reports, despite the fact that Ochsner company protocol states that such exams are to be allotted at least 45 minutes.

17.

Mr. Flannery subjected Ms. Gaidry to unequal treatment by requiring her to comply with additional written procedures routinely not followed by himself or by similarly situated employees performing identical tasks. This included requiring Ms. Gaidry to make additional printouts of her reports and complete written narratives.

18.

Mr. Flannery subjected Ms. Gaidry to increased pressure and scrutiny regarding her written work, which included publicly insulting her in front of other supervisors and employees about spelling errors caused by her dyslexia. Mr. Flannery also recommended that Ms. Gaidry be written up because of her spelling.

19.

Although Ms. Gaidry's work performance was otherwise satisfactory, attempting to meet the unjustified demands of her supervisor caused her to begin having difficulty completing it in the 30-minute allotted time, despite the fact that Ochsner protocol allowed for 45 minutes for such tasks.

20.

Mr. Flannery's harassment of Ms. Gaidry included frequently inquiring about her whereabouts and closely monitoring her in search of infractions and reasons to terminate her.

21.

Mr. Flannery targeted Ms. Gaidry by penalizing her for her infractions while not punishing similarly situated radiology department employees for comparable or more severe violations. Similarly situated employees outside of plaintiff's protected class remained unpunished for incidents such as improperly completed paperwork, multiple uniform violations, yelling at supervisors, insubordination and willful disobedience, internet surfing while on duty, violating on-call procedures, and neglecting patients in need of exams for several hours.

22.

The increased pressure and stress suffered by Ms. Gaidry exacerbated the symptoms of her bipolar disorder, causing her to feel "paralyzed," and causing her to become depressed and suicidal. As a result, she has had to undergo extensive psychiatric treatment at great cost.

23.

On July 3, 2008, Ms. Gaidry was given another corrective action in response to a patient's complaint alleging Ms. Gaidry had said she was supposed to be off of work and did not wish to be there. Although Ms. Gaidry disputed these facts, she was not permitted to make her own statement. She was then placed on probationary status until October 30, 2008, subject to a performance improvement plan.

24.

On July 22, 2008, Mr. Flannery and Ms. Willis terminated Ms. Gaidry for not meeting her performance improvement plan and for the infraction of appearing to be asleep while on duty. Although Ms. Gaidry again disputed the accusation, she was not permitted to discuss the facts alleged against her.

25.

Ms. Gaidry timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). As more than 180 days had passed since the filing of her charge, the EEOC issued plaintiff's Right-to-Sue Notice on July 13, 2009.

26.

As a result of defendant's unlawful discriminatory and retaliatory acts under the Americans with Disabilities Act, La. R.S. 23:301 et seq., and La. R.S. 23:967, Mary Gaidry hereby requests the following relief be granted:

   a. Back pay and benefits;

   b. Reinstatement or front pay and benefits;

   c. Compensatory damages and reimbursement of medical costs for emotional distress, mental anguish, humiliation, embarrassment, and exacerbating plaintiff's bi-polar disorder;

   d. Punitive damages;

   e. Court costs and litigation expenses;

   f. Legal interest from the date of the termination;

g.  Reasonable attorney's fees; and

h.  For such other relief as the court may deem just and proper.

Plaintiff requests trial by jury.

Respectfully submitted,

Dan M. Scheuermann (La. #11767)
600 America St.
Baton Rouge, La. 70802
Telephone: (225) 344-9381
Facsimile: (225) 344-9384
E-mail: dan@dmsattorney.com
*Counsel for Plaintiff, Mary Gaidry*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

**MARY E. GAIDRY**  CASE NO. _____

VS.  JUDGE_____

**OCHSNER HEALTH SYSTEM, and
OCHSNER CLINIC FOUNDATION d/b/a**   MAGISTRATE
**OCHSNER ST. ANNE GENERAL HOSPITAL**

## VERIFICATION

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

**BEFORE ME,** the undersigned authority, personally appeared:

**MARY GAIDRY**

Who, being first duly sworn, deposed:

That she is the plaintiff in the above and foregoing Complaint and that all the allegations of fact made in the Complaint are true to the best of her knowledge and belief.

_____
MARY GAIDRY

*This done and passed
Before me this 16th day
Of July, 2009*

_____
*Notary Public
Commissioned For Life*

1